DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL CHRISTOPHER GLADE,**
Appellant,

v.

**RUSSELL JOHN GOVEY,**
Appellee.

No. 4D2026-0218

[July 8, 2026]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nickolaus Hunter Davis, Judge; L.T. Case No. 062025CA010870AXXXCE.

Warren B. Kwavnick of The Law Office of Warren B. Kwavnick, PLLC, Pembroke Pines, for appellant.

Samuel S. Cohen of Critton, Luttier & Coleman, LLP, West Palm Beach, for appellee.

PER CURIAM.

Michael Christopher Glade ("Defendant") appeals a nonfinal order allowing Russell John Govey ("Plaintiff") leave to plead a punitive damages claim in this auto negligence case. We agree with Defendant that the proffered evidence does not demonstrate a reasonable basis to recover punitive damages and, accordingly, reverse.

**Background**

With respect to the underlying accident, Plaintiff alleges he was about to make a right-hand turn at a traffic light after coming off an I-95 exit ramp when Defendant, a Lyft rideshare driver, "rear ended" Plaintiff's car. Plaintiff and Defendant's Lyft passenger at the time of the accident ("Passenger") are both suing Defendant for negligence in relation to this incident. In Plaintiff's proffer in support of his putative punitive damages claim, Plaintiff relied solely on Passenger's deposition in Passenger's own case.

Passenger testified that it was raining, Defendant was using his cell phone with his fingers, and Defendant failed to brake immediately before impact. Passenger acknowledged he did not know how long Defendant had the phone in his hand nor exactly what he was doing on the phone. Neither Plaintiff nor Passenger have provided evidence of Defendant's speed or how long Plaintiff was stopped or slowed as he waited to turn. Passenger did not know the color of the traffic light where the Plaintiff was making the right-hand turn. Passenger described the damage to Plaintiff's car as "moderate." Although Passenger saw the car in front of them, he did not brace for impact, no part of his body hit the interior of the car, the airbags did not deploy, and he was not aware of any glass cracking. After checking on the other driver (Plaintiff), Passenger walked home.

## Analysis

"Our review of an order on a motion for leave to amend to assert a claim for punitive damages is de novo." *Robertson v. Antoine*, 423 So. 3d 910, 913 (Fla. 4th DCA 2025).

"In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Florida Statutes (2025). "A defendant may be held liable for punitive damages only if the trier of fact . . . finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2025). "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b), Fla. Stat. (2025).

Punitive damages are "reserved for truly culpable behavior and are intended to 'express society's collective outrage.'" *Marder v. Mueller*, 358 So. 3d 1242, 1245 (Fla. 4th DCA 2023) (quoting *KIS Grp., LLC v. Moquin*, 263 So. 3d 63, 65–66 (Fla. 4th DCA 2019)). The level of negligence necessary to support punitive damages is akin to conduct involved in criminal manslaughter. *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 11 (Fla. 2016).

A court acts as a "gatekeeper" in determining whether alleged conduct is sufficiently egregious to merit punitive damages. *Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017). To plead a punitive damages claim, a party must show a reasonable evidentiary basis to recover punitive damages. *Id.* "'[A] reasonable showing by evidence in the record or

2

proffered by the claimant' refers to actual evidence that would provide a prima facie basis to recover punitive damages." *DeSanto v. Grahn*, 362 So. 3d 247, 249 (Fla. 4th DCA 2023) (summarizing cases). Thus, a proffer that only makes a prima facie showing of ordinary negligence, rather than "intentional misconduct or gross negligence," is not a sufficient basis to seek punitive damages. *Id.* at 249—50. Bare allegations unsupported by evidence in the record, or mere "representation[s] of anticipated evidence," cannot satisfy the statutory requirements. *Id.* at 250.

Here, no proffered evidence supported Plaintiff's allegation that Defendant was speeding, only that he was "probably texting somebody . . . He was really still locked in on his phone" before impact.

Defendant pointed out that use of a cell phone while driving is not, alone, enough to seek punitive damages. *See Creech v. Santomassino*, 395 So. 3d 549, 554 (Fla. 4th DCA 2024); *Mercer v. Saddle Creek Transp., Inc.*, 389 So. 3d 774, 778 (Fla. 6th DCA 2024). But Plaintiff responded that *Creech* and *Mercer* are distinguishable because, unlike in those cases, Defendant was "actively engaged" with his phone to the extent that he did not see the traffic in front of him and failed to apply the brakes before impact.

Although the trial court considered the issue close, the trial court reasoned that Defendant must have been looking at something other than the road for "an extraordinary amount of time," otherwise he would have made some effort to avoid the collision. The trial court recognized that Florida law prohibits typing while driving, and this factored into the trial court's conclusion that, if Plaintiff proved his allegations at trial, this amounted to outrageous conduct.

Preliminarily, we note that "a party's violation of traffic law is, standing alone, an insufficient basis for punitive damages." *Robertson*, 423 So. 3d at 915 n.4. Section 316.305, Florida Statutes (2025) prohibits typing or texting while driving. As we recognized in *Creech*, the legislature made even multiple violations of section 316.305(3)(a) a noncriminal traffic infraction. 395 So. 3d at 553. This undermines any argument that violation of the statute alone is outrageous conduct.

In *Creech*, we agreed with *Mercer* that mere use of a cell phone while driving does not provide a reasonable basis to seek punitive damages. 395 So. 3d at 554 (quoting *Mercer*, 389 So. 3d at 778). To provide a sufficient basis to seek punitive damages, a proffer must instead include "some additional act" or something more that demonstrates "the cell phone usage

was reckless or a conscious disregard of or indifference to others to show gross negligence under section 768.72(2)(b)." *Mercer*, 389 So. 3d at 778.

In *Mercer*, Dashcam footage showed the defendant, a commercial truck driver, handling and actively engaged with his cell phone in foggy and smoky conditions a few seconds before the crash. *Id.* at 776. The defendant was slowing his speed gradually at first as the visibility on the road suddenly changed. The dashcam video showed a reflection from the defendant's cell phone on his truck's windshield, and it appeared that his thumb swiped over the phone screen. *Id.* at 777. When the road became barely visible, he braked more intensely and flipped his phone over about three seconds before he hit the plaintiff's car. *Id.* The Sixth District recognized situations exist where cell phone usage while driving may warrant punitive damages. *Id.* at 778. But the court concluded that the *Mercer* defendant's concentration on his cell phone was not so intense (as demonstrated by his immediate reaction to the sudden change in visibility) to "justify the right to seek punitive damages," as distinguished from a defendant who was distracted due to "watching a movie while driving." *Id.*

The *Creech* defendant had even less involvement with his phone, briefly glancing at it when he received a text alert while driving. In reversing the order allowing a punitive damages claim, we noted that the *Creech* defendant's use was not "active engagement" or "handling" of the phone, and no additional act indicated his phone use was reckless. 395 So. 3d at 554.

In the instant case, Plaintiff attempted to distinguish his punitive damages claim from *Mercer* and *Creech*. However, Plaintiff's proffer here is insufficient and does not support his allegations that Defendant failed to observe stopped traffic, drove at an unreasonable speed, and was so engaged with his phone that he did not brake. We need not and do not speculate as to what manner of cell phone use could potentially give rise to a proper punitive damages claim. The allegations and proffer in this case do not.

As Defendant points out, Plaintiff did not proffer any evidence of what Defendant saw or failed to see. Additionally, Passenger testified that Plaintiff's vehicle was not fully stopped. Further, Plaintiff did not proffer any testimony about the color of the traffic light or that Plaintiff's brake lights were visible. Plaintiff also did not proffer any evidence of Defendant's speed—Passenger did not know the speed limit or Defendant's speed. Further, Plaintiff did not proffer any evidence that Defendant's speed was unsafe for the rainy conditions. As to whether Defendant was distracted by using his cell phone, Passenger could say only that Defendant was

doing *something* with his fingers with his phone. Passenger did not know what Defendant was doing *or even how long he had the phone in his hand.* Plaintiff did not proffer any evidence that Defendant failed to brake or slow down as he approached the intersection coming off the exit ramp. Passenger was only asked about whether he had braked "right before the impact." Plaintiff's proffered evidence also does not support the trial court's reasoning that Defendant must have been distracted with his phone for an extraordinary amount of time or he would have acted to avoid the collision. Plaintiff did not proffer any evidence which showed prolonged engagement by Defendant with his cell phone or how much time Defendant had to react.

Plaintiff failed to proffer additional facts that make Defendant's cell phone use "truly culpable behavior" that was materially distinguishable from the phone use that was found insufficient in *Creech* and *Mercer.* Plaintiff's proffered evidence does not show anything more than a routine traffic accident, which may serve as a predicate for finding compensatory damages, but does not rise to the punitive damages claim threshold—"so outrageous in character, and so extreme in degree . . . [that] the facts [of the case] to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (citations omitted).

## Conclusion

As our sister court proclaimed, "[a]ll cell phone use is not equal. Situations exist where cell phone usage may justify the right to seek punitive damages, but that did not happen here." *Mercer*, 389 So. 3d at 778 (citation omitted). Thus, we reverse the trial court's order granting Plaintiff's motion to amend his complaint to add a punitive damages claim.

*Reversed and remanded for further proceedings.*

FORST, KLINGENSMITH and LOTT, JJ., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***